NO. 07-07-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2009
_____

HAROLD LORIMER,

                                                                        Appellant

v.

THE STATE OF TEXAS,

                                                                        Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,803; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant was convicted of aggravated sexual assault. The victim was his seven-year-old cousin. He appeals the conviction, and contends that 1) he was denied due process and his right to a fair trial since the State failed to release to him exculpatory or favorable evidence prior to trial, and 2) the trial court abused its discretion in admitting evidence of an extraneous offense involving his engaging in sexual intercourse with another minor. We affirm the judgment.

*Issues 1 and 2 - Brady v. Maryland Violation*

In his first two issues, appellant asserts that the State failed to disclose exculpatory evidence. The evidence in question consisted of photographs taken of the victim during her examination by a nurse. And, because they were exculpatory, their non-disclosure by the State denied him due process and violated *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We overrule the issues because they were not preserved.

While appellant objected to the admission of the photos at trial, the grounds underlying his complaint omitted reference to *Brady* or to the pictures being in any way exculpatory.[1] Nor can one reasonably infer from his comments or their context that *Brady* and its requirements were in play. Similarly, nothing was said about appellant's constitutional due process rights being implicated because of the State's alleged action. Consequently, these contentions were not preserved for review. *Keeter v. State,* 175 S.W.3d 756, 760-61 (Tex. Crim. App. 2005) (holding that a *Brady* claim was waived when neither the State nor the trial court understood that one was being presented); *see also Clarke v. State,* 270 S.W.3d 573, 579 (Tex. Crim. App. 2008) (recognizing that while it is not necessary that appellant specifically refer to *Brady* to preserve the complaint, his objection nonetheless must be sufficiently specific to make the trial court aware of the complaint).

---

[1] Due process is violated when the prosecution withholds material evidence favorable to the accused. *Wyatt v. State,* 23 S.W.3d 18, 27 (Tex. Crim. App. 2000), *citing Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

*Issue 3 - Extraneous Offense*

Appellant's next complaint concerns the admission of evidence that he lived with and had sexual relations with a twelve or thirteen-year-old girl when he was seventeen or eighteen and that she bore him a child. This evidence was offered during appellant's cross-examination by the State in the guilt/innocence phase of the trial. According to appellant, it was inadmissible because a reasonable jury could not conclude, beyond reasonable doubt, that the conduct was criminal. That is, the evidence purportedly indicated that the female was fourteen years old at the time and that he was no more than three years older than her. We overrule this issue as well.

Though appellant filed a motion in limine encompassing the potential admission of extraneous crimes or misconduct and the trial court convened a hearing to consider whether to admit the evidence at issue, appellant uttered no specific objection to the evidence at the hearing or when it was actually proffered before the jury. This is of import because a motion in limine, coupled with a ruling thereon, does not necessarily preserve error. A litigant must still object when the evidence is offered at trial. *Roberts v. State,* 220 S.W.3d 521, 533 (Tex. Crim. App. 2007), *cert. denied,* __ U.S. __, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007). Thus, the ground urged on appeal was never raised below, which means it was waived.

Second, even if the complaint was preserved, the record nonetheless contains evidence that negates appellant's theory. Indeed, appellant himself testified that he was five years older than the youth, that he met her when she was either twelve or thirteen, and that within six months of meeting, they were engaging in sex. From this, a reasonable jury

could conclude, beyond reasonable doubt, that appellant was more than three years older than the youth and that they began having sex when she was younger than fourteen.

Having overruled appellant's issues, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.